UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

           Plaintiff,             CRIMINAL NO. 23-CR-20221

v.

                                    HON. LINDA V. PARKER

SOCORRO ALEJANDRO PALACIOS,

           Defendant.

_____/

<u>GOVERNMENT'S SENTENCING MEMORANDUM</u>

The United States of America, by its attorneys, Dawn N. Ison, United States Attorney for the Eastern District of Michigan, and Susan E. Fairchild, Assistant United States Attorney for the District, respectfully submits this Sentencing Memorandum regarding Defendant Socorro Alejandro Palacios who is scheduled to be sentenced on May 8, 2024.   The government recommends a sentence of confinement (not to exceed the midpoint) within the applicable guideline range of 6 - 12 months. (PSR, ¶ 70).

I.      <u>PROCEDURAL BACKGROUND</u>

Defendant was charged in a criminal Indictment with three counts of Transporting Illegal Aliens, in violation of Title 8, United States Code, Section

1

1324(a)(1)(A)(ii). On January 31, 2024, Defendant entered his guilty plea to Count One of the Indictment, pursuant to a Rule 11 Plea Agreement.   The plea agreement included that Defendant's guidelines would be calculated as if he were convicted of the additional counts of transporting three alien passengers in his vehicle (Plea, ¶ 6). Defendant has been on bond since his initial appearance on March 27, 2023 (PSR, ¶ 2). Defendant has been in compliance with his bond conditions.

II.    FACTUAL BACKGROUND

Defendant Socorro Alejandro Palacios is 24-years old. He is a United States citizen. He resides in Ypsilanti, MI. On March 25, 2023, at approximately 4:30 a.m., Defendant was arrested by Border Patrol Agents following a traffic stop. The Agents effectuated the stop after his vehicle drove across the ferry from Harsen's Island to the mainland. Defendant was the driver of the vehicle. Inside the vehicle were three alien passengers, who had illegally entered the United States (PSR, ¶ 14).   Two of the aliens were from Mexico, and the third was from Ecuador. The aliens all admitted to entering the United States illegally by crossing the St. Clair River by boat. Defendant admitted that he agreed to pick up two individuals from Harsens Island to transport them to Lansing, MI in exchange for $500 (PSR, ¶ 15). He claims he was not aware that a third passenger would be present at the pickup site. Defendant resides approximately 80 miles from Harsen's Island.

III.   SENTENCING CALCULATION

    A.    <u>Statutory Maximum Sentences</u>

    Count 1:   Transporting Illegal Aliens, in violation of 8 U.S.C. §1324 (a)(2)(A)(ii), not more than 10 years' imprisonment, a $250,000 fine, or both. Special Assessment $100. Class C felony.

    B.    <u>Sentencing Guidelines Calculations.</u>

Defendant's guidelines are as follows:

*Base Offense Level*

USSG §2L1.1, Transport Illegal Aliens, Level is 12

Acceptance of Responsibility, USSG §3E1.1(a)   -2

Offense Level   10

*Criminal History Category*:

3/5/2022   Operating With BAC .17 or more   1 point

Prior Conviction = 1 Point

Total is 1 point, Category I

The applicable guideline range is 6 - 12 months' imprisonment (PSR, ¶ 70)

IV.   GOVERNMENT'S RECOMMENDATION

    Defendant falls within the sentencing guideline range of 6 - 12 months.   The government recommends that the Court impose a sentence of confinement within

that range. Such a sentence would recognize the seriousness of Defendant's offense conduct and would serve as a deterrent to future criminal activity.

The government does not believe a sentence of time-served in this case would be sufficient to address Defendant's actions. Defendant has only served 2.5/3 days of incarceration in this matter.

## V.   ANALYSIS OF 18 U.S.C. §3553(A) FACTORS

A sentence of imprisonment within the applicable guideline range, takes into account the factors identified in 18 U.S.C. §3553(a), and, in view of the totality of the circumstances and facts of Defendant's case, is reasonable. The most relevant sentencing factors for this Court to consider are as follows:

Nature and Circumstances of the Offense/History and Characteristics of Defendant

The felony offense committed by Defendant, transporting illegal aliens into the United States is serious. It is classified as a felony offense, with a maximum term of imprisonment of 10 years. When immigrants enter the United States without proper authority and at places not designated as ports of entry, they cannot be screened by customs and border protection agents for past criminal conduct or health conditions. They may smuggle illegal goods or drugs into the United States, undetected. This jeopardizes U.S. citizens. Our great country has established legal procedures for entering the United States and for obtaining citizenship. Although

4

they are not perfect, and are oftentimes delayed, they are the Law of this land. Defendant, for his own personal monetary gain, chose to ignore those rules and procedures and assist illegal aliens in entering the United States by transporting them following their illegal river crossing into the United States.    He traveled a great distance to do so and was fully aware of his actions in picking up the illegal persons.

Defendant was born in the United States. His parents both reside in Mexico. He has two siblings; one resides in the United States.   When Defendant was a child in the United States, his father was deported to Mexico.   When Defendant was 13 years old, he moved to Mexico and resided with his father. He worked to help support this family.   Defendant is not married and has no children. He is involved in a relationship, of four years duration.   He resides with his girlfriend in Ypsilanti, MI. Defendant reports good physical and mental health (PSR, ¶ 48-50). He denies any substance abuse issues.   Defendant just recently enrolled in classes to obtain his GED (he has been on pre-trial release since March 27, 2023). Defendant has former employment in the construction field and the hotel industry. He is presently employed as a construction worker/laborer. Defendant was on probation for his state offense at the time of his arrest in this case.

Defendant chose to violate the law and commit a felony offense, all in exchange for $500. He did so while on probation for a state criminal offense. There

5

is no evidence that he knew the aliens or was doing it for any reasons other than purely personal financial gain.   Due to his past family circumstances, he was aware of immigration laws and consequences of violations of the immigration laws. Now he stands convicted of a felony offense, which will undoubtedly affect his employment prospects and opportunities in the United States.

Defense counsel asserts that Defendant being raised in a "mixed-immigration status family" contributed to his conduct, however, Defendant claims no mental or emotional health conditions, has maintained employment and has vocational skills. He has obtained government benefits while in the United States and was given the opportunity for education. Millions of individuals in the United States are raised in one parent households, with no adverse effects, as claimed by Defendant. Rather, Defendant has made poor choices, similar to his father, who made choices to illegally enter the United States, and begin a family here. Defendant's father was deported because he was illegally present in the United States. He was assuredly aware of that prospect, having entered the United States without proper authority.

Defense counsel further asserts, in mitigation, that Defendant was employed in the tobacco fields in Mexico, as a "child laborer" which he also claims exposed him to health risks and other emotional issues. He claims this somehow contributed to his illegal conduct in this case. However, the PSR indicates that Defendant worked

6

on metal flooring and repairing houses (PSR, ¶ 42). No mention of tobacco fields. Defendant continues be employed in this area today.

There must be a consequence for Defendant's actions. The guidelines suggest a range of 6-12 months. The probation officer has not identified any factors that would warrant a departure from the applicable sentencing guideline range (PSR, ¶ 82). Likewise, the government does not believe a departure is warranted. Defendant was arrested in this case in March 2023, and was released on bond. He entered his guilty plea in the end of January 2024. During his time on pre-trial release he has done nothing other than comply with his conditions of release, to warrant more favorable consideration by this Court.

> Need for Sentence Imposed to Reflect the Seriousness of the Offense, Promote Respect for the Law and to Provide Just Punishment for the Offense and the Need for the Sentence to Afford Adequate Deterrence to Criminal Conduct

Because this Court is obligated to impose a sentence necessary to reflect the seriousness of the offense, promote respect for the law and to provide just punishment for the offense, as well as a sentence to afford adequate deterrence to criminal conduct, a sentence of confinement is warranted. This is Defendant's first felony conviction.

7

VI.    CONCLUSION

The Probation Officer has not identified any factors to warrant a departure from the applicable sentencing guideline range (PSR, ¶ 82). Likewise, the government has not identified any reason to depart. A sentence of confinement should be imposed.

Respectfully submitted,

DAWN N. ISON
United States Attorney

s/Susan E. Fairchild (P41908)
Assistant United States Attorney
211 W. Fort St., Suite 2001
Detroit, Michigan 48226
(313) 226-9577
E-mail: susan.fairchild@usdoj.gov

Dated:   May 2, 2024

## CERTIFICATE OF SERVICE

I hereby certify that on May 2, 2024, I electronically filed the foregoing document with the Clerk of the Court using the ECF system.

Fabian Renteria Franco, Attorney for Defendant

s/Susan E. Fairchild P41908
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI   48226

8

Phone: (313) 226-9577
E-mail: susan.fairchild@usdoj.gov